UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS | Case No. |
| v. | Defendant, Case No. 2223CR005164<br>Springfield District Court |
| Rebecca S. Woods | |

# EMERGENCY NOTICE OF REMOVAL FOR *NEW* AND ONGOING VIOLATIONS OF CIVIL RIGHTS PURSUANT TO 28 U.S.C. §§ 1441 AND 1443 WITH REQUEST FOR 90 DAY STAY PURSUANT TO 28 U.S.C. 1446(c) AND M.G.L. CHAPTER 231 § 59H WITH FULL RESERVATION OF RIGHTS

*COMES NOW* Rebecca S. "Rorie" Woods ("Woods"), *pro se* Defendant, with full reservation of rights, and hereby removes the above-captioned action from the Hampden County, Springfield District Court ("SDC"), located at 50 State Street, Springfield, MA, to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. §§ 1441 and 1443. Woods further requests a 90-day stay of all state court proceedings under 28 U.S.C. § 1446(c) and M.G.L. c. 231, § 59H (Massachusetts Anti-SLAPP statute). This removal is necessitated by new and ongoing violations of Woods' federal constitutional and civil rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments, as detailed in her Verified Statement of the Events of June 23, 2025, and supported by attached exhibits, including motions denied by the SDC on June 23, 2025, without a full hearing.

## I. INTRODUCTION AND BACKGROUND

Woods, a 58-year-old disabled woman, is a *pro se* defendant in a criminal case (Case No. 2223CR005164) in the SDC, charged with eight counts of assault and battery with a dangerous weapon (honeybees) stemming from her civil disobedience on October 12, 2022, protesting the unlawful eviction of Alton King, Jr., in Longmeadow, MA. Woods alleges that the charges are retaliatory, targeting her protected whistleblowing activities exposing judicial corruption, deed theft, and systemic fraud in Massachusetts courts. Since her prior removal attempt on June 6, 2025, which was remanded without a hearing on the merits, the SDC and associated state actors have continued to violate Woods' constitutional rights, necessitating federal jurisdiction to ensure due process and equal protection.

## II. NEW AND ONGOING CIVIL RIGHTS VIOLATIONS SINCE PRIOR REMOVAL

The following violations, occurring after June 6, 2025, justify removal under 28 U.S.C. §§ 1441 and 1443:

### A. Unlawful State Court Proceedings Despite Pending Federal Appeal

On June 6, 2025, Woods filed a Notice of Removal at 8:17 AM, following an appeal of the U.S. District Court's remand order to the First Circuit (Case No. 25-1454) on May 8, 2025, at 8:18 AM. Despite this, the SDC proceeded with a hearing on June 6, 2025, at approximately 11:00 AM, violating the automatic stay provision of 28 U.S.C. § 1446(c), which divests state courts of jurisdiction upon proper removal. *See Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445 (9th Cir. 1992) (state court

proceedings after removal are void). The SDC's refusal to acknowledge Woods' federal appeal and request for a 90-day stay constitutes a due process violation. *See Fuentes v. Shevin*, 407 U.S. 67, 80 (1972) (due process requires notice and opportunity to be heard).

### B. Retaliatory Threats and Harassment

On June 23, 2025, Woods faced intimidation at the SDC when, during a hearing, Judge Robert S. Murphy, Jr., abruptly left the bench, followed by the prosecuting attorney (ADA Blake McConnell) and Woods' standby counsel (Natalie Saloio) exiting the courtroom. Eight bailiffs surrounded Woods, accompanied by an unidentified woman who had fraternized with the attorneys, creating a threatening environment. The clerk refused to provide identification, or copy Woods' RICO lawsuit docket sheet. *See* Verified Statement, Ex. A. This intimidation, coupled with gang-stalking by vehicles (e.g., a white Mercedes SUV, license plate 122453, and a black Nissan sports car) after leaving the SDC, constitutes retaliation for Woods' whistleblowing on judicial corruption and deed theft, violating 18 U.S.C. § 1512 (witness tampering) and 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) (state actors liable for constitutional violations).

### C. Unlawful Surveillance

Woods alleges ongoing surveillance through Pegasus software, monitoring her activities without consent, in violation of her Fourth Amendment right to privacy. She reports episodes of heart arrhythmia following gang-stalking incidents on June 23,

2025, and March 29, 2025, suggesting targeting with directed energy weapons. *See* Verified Statement, Ex. A. These actions constitute egregious constitutional violations.

### D. Denial of Stay for June 23, 2025 Hearing

On June 23, 2025, Judge Murphy denied Woods' Emergency Motion to Stay Proceedings, Disqualify Judge, and Change Venue (Ex. E), despite her documented safety concerns as a disabled woman with prior injuries from excessive force by Hampden County Sheriff's Department (HCSD) officers on October 12, 2022, and March 3, 2025. *See* Ex. E; Prior Removal, May 7, 2025. This denial, coupled with Woods' pending civil RICO lawsuit against the SDC, Judge Murphy, and others (Fitchburg District Court, Case No. 2516CV000193), exacerbates her physical and emotional harm, violating due process and equal protection. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977) (access to safe, impartial courts is a fundamental right).

### E. Judicial Misconduct and Lack of Authority

Judge Murphy lacks a recorded oath of office, as confirmed by the Massachusetts Secretary of State (Ex. E), rendering his orders, including the June 23, 2025 hearing mandate, void. *See Malone v. Bowdoin*, 369 U.S. 643, 647 (1962) (unauthorized actors lack judicial authority); Mass. Const. pt. 2, c. 6, art. I (requiring judicial oath). Murphy's summoning of eight bailiffs to intimidate Woods reflects bias and coercion, warranting federal oversight. *See Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009) (judicial bias violates due process).

### F. Systemic Judicial Abuse and Docket Tampering

The SDC's refusal to correct the docket to include the June 23, 2025 hearing and its pattern of holding hearings despite pending federal appeals constitute fraud on the court. *See Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 245 (1944) (fraud on the court warrants vacatur). Additionally, ineffective assistance of counsel by Natalie Saloio, who moved to withdraw on June 18, 2025, days before trial scheduled for June 24, 2025, violates Woods' Sixth Amendment rights. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). Saloio has moved for reconsideration of the denial of her motion to be removed from the case, as of June 25, 2025, for trial now scheduled for August 5, 2025.

## III. LEGAL BASES FOR REMOVAL

### A. Removal Jurisdiction (28 U.S.C. §§ 1441, 1443)

This case is removable under 28 U.S.C. § 1441(a) (federal question jurisdiction) due to Woods' claims of violations of her First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights. Removal is also warranted under 28 U.S.C. § 1443(1), which permits removal of civil rights cases where a defendant cannot enforce equal civil rights in state courts due to systemic bias or retaliation. *See Georgia v. Rachel*, 384 U.S. 780, 792 (1966) (removal appropriate for civil rights violations tied to federal protections); *City of Greenwood v. Peacock*, 384 U.S. 808, 827 (1966) (removal justified when state courts fail to protect federal rights). The SDC's actions, including retaliation for Woods' whistleblowing on deed theft and judicial corruption (Ex. L, Transcript of 3/05/2025 Hearing), demonstrate its inability to protect her rights.

## B. Automatic Stay (28 U.S.C. § 1446(c))

Upon filing this Notice of Removal, the SDC loses jurisdiction, and all proceedings, including the scheduled July 1, 2025 hearing, must be stayed. *See Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445 (9th Cir. 1992); *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 343 (1976) (state court actions post-removal are void).

## C. Fraud on the Court

The SDC's docket tampering, refusal to acknowledge federal filings (e.g., appeal of remand filed June 23, 2025), and orders by an unauthorized judge (Murphy) constitute fraud on the court, necessitating federal intervention. *See Hazel-Atlas Glass Co.*, 322 U.S. at 245.

## D. Due Process Violations

The SDC's denial of remote participation, failure to docket motions, and withholding of discovery (e.g., HCSD medical evidence, CORI report of Officer Reynardo Santa) violate Woods' due process rights. *See Fuentes v. Shevin*, 407 U.S. at 80.

## E. Equal Protection Violations

The SDC's discriminatory treatment, including targeting Woods for her whistleblowing and denying accommodations for her PTSD and disability, violates the Equal Protection Clause. *See Reed v. Reed*, 404 U.S. 71, 75-76 (1971).

### F. Whistleblower Retaliation

Woods' civil disobedience on October 12, 2022, protesting Alton King, Jr.'s unlawful eviction, was protected speech under the First Amendment. *See Commonwealth v. Ellis*, 429 Mass. 362, 370 (1999) (protecting whistleblowing activity). The SDC's retaliatory actions, including threats of arrest and gang-stalking, violate 42 U.S.C. § 1983.

## IV. REQUEST FOR 90-DAY STAY

Woods requests a 90-day stay of all SDC proceedings, effective July 1, 2025, through October 28, 2025, pursuant to 28 U.S.C. § 1446(c) and M.G.L. c. 231, § 59H, to prevent irreparable harm and allow resolution of her pending First Circuit appeals (Case Nos. 25-1454, 25-1618). The stay is necessary to:

- **Protect Woods' Safety**: Incidents of harassment and gang-stalking, combined with prior excessive force by HCSD officers, demonstrate a clear risk to Woods' physical safety if forced to attend in-person hearings.

- **Ensure Due Process**: The SDC's refusal to acknowledge federal filings and its insistence on proceeding despite pending appeals violate due process. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (stays authorized to prevent harm).

- **Resolve Jurisdictional Issues**: The First Circuit's review of Woods' appeal, including challenges to Judge Murphy's authority and systemic judicial abuse, must be completed before state proceedings resume. *See Bond v. United States*,

572 U.S. 844, 857 (2014) (separation of powers protects against unauthorized state action).

## V. ADDITIONAL GROUNDS

Woods incorporates arguments from her Emergency Motion to Stay, Disqualify Judge, and Change Venue (Ex. E):

- **Challenge to Judge Murphy's Authority**: The absence of a recorded oath of office (Ex. E) renders all SDC orders, and arraignment, void. *See Ex parte Siebold*, 100 U.S. 371, 376 (1880).

- **Lack of Indictment**: The failure to indict Woods, as documented in Ex. E, violates her Fifth Amendment rights.

- **Access to Courts Denied**: Barriers to accessing the First Circuit's electronic filing system and PACER (Ex. K) violate Woods' right to access the courts. *See Bounds v. Smith*, 430 U.S. at 821.

## VI. CONCLUSION AND PRAYER FOR RELIEF

This removal is critical to address ongoing civil rights violations, including retaliation, judicial misconduct, and due process denials including documented collusion between prosecutor and public defender to compromise Woods' defenses, which the SDC has not only failed to remedy, it has facilitated these violations. Woods respectfully requests that this Court:

- Accept removal of this case under 28 U.S.C. §§ 1441 and 1443;

- Issue a 90-day stay of all SDC proceedings from July 1, 2025, to October 28, 2025 pursuant to 28 U.S.C. § 1446(c) and M.G.L. c. 231, § 59H (Massachusetts Anti-SLAPP statute);

- Dismiss the SDC matter due to Judge Murphy's lack of authority;

- Order remote participation for any future SDC hearings to ensure Woods' safety;

- Grant such further relief as is just and proper, including referral to the U.S. Department of Justice for investigation of systemic violations.

Dated July 1, 2025                          Respectfully,

_____
Rebecca S. "Rorie" Woods, *suis juris*
Post Office Box 160, Hadley, MA 01035
413-883-1414, rsusanwoods@gmail.com

**Referenced Documents ("A" is attached; "K" attached in part)**

A. Woods' Verified Statement of the Events of 6/23/25
B. Saloio's Motion for Removal, 6/18/25  (DENIED)
C. Woods' Assent to Saloio's Removal, With Conditions 6/19/25 (DENIED)
D. Woods' Civil Rico Complaint, with Attachments, 6/20/25
E. Woods' Motion for a Stay, Disqualify Judge, Change of Venue 6/23/25 (DENIED)
F. Saloio's Reconsideration of Removal Due to Civil RICO, 6/25/25
G. Woods' Assent, With Conditions, 6/26/25
H. Woods' Emergency Motion for a Stay, Disqualify Judge, Change of Venue 6/26/25
I. Woods' MTD: Egregious Judicial Abuse, Collusion 6/30/25
J. Woods' Memorandum on Motion to Dismiss (MTD), 6/30/25
K. Springfield District Court Docket (Annotated) 6/29/25
L. Transcript of Hearing Held 3/05/2025

## Verified Statement of Rebecca S. Woods
## On the Events of June 23, 2025

I, Rebecca S. "Rorie" Woods, being duly sworn, depose and state under penalty of perjury that the following is true and correct to the best of my knowledge:

1. **Personal Information**: I am a resident of Hadley, Massachusetts, and I am competent to testify to the matters set forth in this affidavit. I am representing myself *pro se* in the matters referenced herein.

2. **Background of Legal Proceedings**: I am a defendant in a criminal case scheduled for trial on August 5, 2025, in the (state) Springfield District Court, charged with eight counts of assault and battery with a dangerous weapon, specifically honeybees. I have been provided no medical evidence of harm, and honeybees cannot be trained to attack. I became self-represented on 2/13/2025 out of necessity, due to the realization that my interlocutory appeals were quashed by the supervising attorney, Anna-Marie Puryear, of my Public Defender, Natalie Saloio. Saloio, when I confronted her about the appeals not being pursued as requested, said Puryear had denied them as a "waste of resources".

3. **Civil RICO Lawsuit**: On Friday, June 20, 2025, I filed a civil Racketeer Influenced and Corrupt Organizations Act (RICO) lawsuit against the court, three judges, and my public defender, Attorney Natalie Saloio, in the (state) Fitchburg District Court. The documents were personally served on the defendants on the morning of June 23, 2025, at or around 9:00 AM. I allege in the civil RICO lawsuit that the fraud-closures and relentless law-fare perpetrated against me is retaliation for whistle blowing: first, for reporting sexual assaults and gang rape of a minor (myself) in Canton, Mass., in 1973, reported in 2010 and 2021; and secondly for calling out the courts for facilitating deed theft, title laundering, mortgage fraud, and tax evasion. I inadvertently omitted the case number on the initial Notice, but included the docket printout as an exhibit to the Notice.

4. **June 6, 2025 Hearing**: During a hearing on June 6, 2025, my former public defender as "standby" counsel, Attorney Natalie Saloio, advised me to focus on intent as a defense, despite the court's ruling prohibiting me from introducing evidence of Sheriff corruption related to the foreclosure of Alton King's house, or discussing judicial conflicts of interest, including judge's and clerk's extra mortgages concealed

in the MERS database. This ruling prevented me from presenting a necessity defense, rendering an intent-based defense ineffective.

5. **Alleged Conspiracy**: On June 6, 2025, I made Attorney Saloio aware that of my awareness of a plan to silence me, as evidenced by a January 30, 2025, sidebar conversation captured in a court transcript. In this conversation, the presiding judge Chief Justice Kevin Maltby discussed committing me to a mental health facility, and acknowledged challenges faced by Attorney Saloio in "filtering" my defenses as the trial date neared. I indicated to Attorney Saloio and prosecutor McConnell in my filings that the transcript of the January 30, 2025 hearing revealed their collusion with the Court to compromise my defenses on that same day, June 6, 2025.

6. **June 23, 2025 Hearing**: On June 23, 2025, at approximately 12:20 PM, Judge Robert S. Murphy, Jr., who evidences no oath of office, heard Attorney Saloio's motion to withdraw as my counsel, citing my complaints of ineffective assistance due to her failure to prosecute my interlocutory appeals in matters appealable by statute. I reserved my rights during this hearing, noting that the matter is under appeal to the First Circuit Court of Appeals and referencing my Assent with Conditions, which the judge denied without fully hearing. The judge literally cut me off mid sentence.

7. **Conflict of Interest**: I informed the court that Attorney Saloio, Judge Murphy, two other judges, and the court itself are named defendants in my civil RICO lawsuit, creating an irreconcilable conflict of interest. Judge Murphy denied Attorney Saloio's withdrawal motion, claiming my RICO lawsuit lacked a case number, despite the docket sheet being included in my filings, and my resting on the papers.

8. **Continuance of Trial**: Assistant District Attorney (ADA) Blake McConnell moved for a continuance of the trial, then scheduled for June 24, 2025, claiming illness since June 20, 2025; his motion was granted, the trial was postponed to August 5, 2025.

9. **Post-Hearing Events**: Mid hearing, Judge Murphy abruptly left the bench to "consult his personal calendar" and did not return. Attorney Saloio and ADA McConnell quickly exited the courtroom. I requested the bailiff and court clerk to copy the RICO lawsuit docket sheet for the judge's records, but both refused and declined to provide their names or, in the bailiff's case, a badge number. The clerk instructed me to, "Wait right here" while she exited behind the judge's bench.

10. **Safety Concerns**: Observing an empty courtroom except for two female bailiffs and an unidentified woman who had fraternized with the other attorneys, and noting six additional bailiffs directly outside courtroom 9 appearing to monitor me, I promptly left the courtroom. I went to the Clerk's Office, where I demanded and obtained a date-stamped copy of the RICO lawsuit docket sheet, which was filed into the case record.

11. **Alleged Surveillance**: After leaving the courthouse, I drove from Springfield to Northampton via Route 5, a slower route to avoid potential harm. I was followed by a white Mercedes SUV (license plate 122453), which matched my speed both accelerating and decelerating, and made an abrupt U-turn when I slowed to a crawl in Holyoke, in the middle of Route 5 just after St. Vincent Street. Later, in North Amherst, a black Nissan sports car with a large AC/DC decal followed me, but ceased pursuit after I drove northeast through the Flat Hills Road loop.

I declare under penalty of perjury under the laws of the Commonwealth of Massachusetts that the foregoing is true and correct to the best of my knowledge.

_____
Rebecca S. "Rorie" Woods, *pro se*
P.O. Box 160, Hadley, MA 01035-0160
(413) 883-1414; rsusanwoods@gmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

COMMONWEALTH OF MASSACHUSETTS    Case No.

v.

                                                 Defendant, Case No. 2223CR005164

Rebecca S. Woods                                    Springfield District Court

---

## CERTIFICATE OF SERVICE

Rebecca S. "Rorie" Woods hereby certifies that a copy of the foregoing has been served upon the Springfield District Court, Prosecutor Blake McConnell, and Standby Counsel Natalie Saloio, by electronic mail or by hand on this day.

blake.mcconnell@mass.gov ;

nsaloio@publiccounsel.net ;

cmspringfielddc@jud.state.ma.us .


Date: July 1, 2025

                                                      Rebecca S. "Rorie" Woods, *suis juris*
                                                      P.O. Box 160, Hadley, MA 01035-0160
                                                      (413) 883-1414; rsusanwoods@gmail.com